UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

## Application for Order Approving Employment

Case Name: Key Farms, Inc.    Case Number: _____

Comes now the undersigned (Trustee/Debtor in Possession/Chairman of the Creditors' Committee) and applies to the court for an order approving the employment of Bailey & Busey PLLC
(Appointee)
as Counsel (Position) for the ( ☐ Trustee - ☑ Debtor in Possession - ☐ Creditors' Committee) in the above entitled estate.

For purposes of this application and verification and the disclosures contained herein, the term APPOINTEE shall include the named appointee, and if the named appointee is a law partnership or corporation or an accounting partnership or corporation, or is an attorney or accountant employed as a partner, member, or regular associate of a partnership or corporation, the named appointee and each member, partner or regular associate of such partnership or corporation.

Applicant and Appointee in making and verifying this application understand that appointee is a fiduciary to the estate or creditors' committee as appropriate, and is obligated to fully and candidly disclose all material facts relating to the employment and is obligated to timely disclose subsequently discovered material facts.

Your applicant makes the following representations under penalty of perjury and subject to 18 U.S.C. § 152:

1. That the specific facts showing the necessity for the employment are: The Debtor filed a chapter 12 proceeding on November 15, 2019 and is in need of legal counsel to represent it in the Bankruptcy proceedings

2. That the reason for the selection of the above named appointee is: Appointee has significant experience in representing debtors in Bankruptcy reorganization cases in the Eastern District of Washington

3. That the professional services to be rendered are: All services necessary to represent the Debtor in its chapter 12 proceedings.

4. That appointee is qualified to provide the services to be rendered based on the following: Appointee is familiar with the Debtor and its operations. Appointee has experience in representing debtors in reorganization proceedings.

5. That any proposed arrangement as to compensation, including hourly rates or flat fees if applicable, is as follows, but that approval of that arrangement and any payment or allowance of compensation for services rendered or reimbursement of expenses will be in accordance with 11 U.S.C. §§ 329 and 330 and FRBP 2016: See retainer agreement attached hereto as Exhibit 1

6. That appointee is a relative of the bankruptcy judge assigned the case.    ☐ YES  ☑ NO

7. (For Trustee or Debtor in Possession) That appointee does hold or represent an interest adverse to the estate, that appointee is not a disinterested person, or that appointee has served as examiner in the case.
   ☐ YES  ☑ NO  If YES, explain: _____

8. (For Creditors' Committee) That appointee is not and will not while employed by the committee represent any other entity having an adverse interest in connection with the case.
   ☐ YES  ☐ NO  If YES, explain: _____

9. That to best of your applicants knowledge, all of the appointees connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, any person employed in the office of the United States Trustee or the bankruptcy judge assigned the case are as follows:

   A. That appointee is a creditor as defined by 11 U.S.C. § 101(10).  ☐ YES  ☑ NO  If YES, complete the following:
      Date on any waiver, set-off or assignment: _____.

      Type of debt incurred: _____    Payment made: $_____
      Date incurred: _____             Date payment made: _____
      Amount incurred: $_____          Amount of payment: $_____
                                                 Remaining Balance: $_____

   B. That appointee is indebted to the debtor or to the estate?  ☐ YES  ☑ NO  If YES, complete the following:

J. That appointee has received or has been promised compensation from debtor or some other entity for services rendered or to be rendered in the case? ☑ YES ☐ NO *If YES, provide the following and any other relevant information concerning each such payment or promise.*
   a) name of payor or promisor
   b) status of payor or promisor
   c) relationship between debtor and payor or promisor
   d) date of payment or promise
   e) amount of payment or promise
   f) basis for payment or promise
   g) location or disposition of any monies received

K. That appointee has caused to be conducted an internal conflicts check in regard to representation of other clients as required by any code or rules of professional conduct? ☑ YES ☐ NO *If YES, state results, if NO, state why it was not done.* The conflicts check did not disclose any conflicts or potential conflicts other than those described in the supplment to this Application attached hereto as Exhibit 2.

Dated: 11/15/19

Key Farms, Inc.
**Typed Name of Applicant**

Signature of Applicant

I, the undersigned appointee, do hereby state under penalty of perjury that I have read the above representations and verify that they are true and accurate and that they disclose all material facts required to the best of my knowledge and belief.

Dated: 11/15/19

Bailey & Busey PLLC
**Typed Name of Appointee**

Phone #: (509) 248-4282

Address: 411 North 2nd Street
Yakima, Washington 98901

Signature of Appointee

# EXHIBIT 1

TELEPHONE:
509.248.4282

FACSIMILE:
509.575.5661



ROGER W. BAILEY
roger.bailey.attorney@gmail.com

Bailey & Busey PLLC
411 N.2nd St.
Yakima, WA 98901

November 14, 2019

Key Farms, Inc.                                         *Via Electronic Mail*
Attn: Art Key

**Re:   Employment of Bailey & Busey, PLLC**

Dear Art:

Thank you for retaining our firm to represent Key Farms, Inc. **("Key Farms")** in its bankruptcy proceedings to be filed in the Eastern District of Washington. To be clear, our office will only be representing Key Farms in these proceedings. While some of the work that we may perform may incidentally benefit your personal interests or the interests of other companies you own, we will be taking our direction solely from Key Farms, Inc. I understand that you are the owner of 100% of the shares of Key Farms, Inc. at this point in time. Bailey & Busey, PLLC has previously represented Key Farms, Inc. in an advisory capacity with respect to certain litigation commenced by Homestreet Bank. This engagement letter supersedes any other engagement letter we have previously executed. Pursuant to the terms of this engagement letter, all of the and costs incurred by Bailey & Busey PLLC are being personally guaranteed by yourself and your wife. Although you are personally guaranteeing these fees, Key Farms, Inc. will be a fiduciary to its creditors pursuant to the Bankruptcy Code and thus while you may be obligated to pay the fees incurred by Key Farms, Inc., there may arise situations where the interests of Key Farms, Inc. may diverge from your personal interests. In these cases, Bailey & Busey will take its direction solely from Key Farms, Inc. and will act to ensure Key Farms, Inc. is meeting its fiduciary duties under the Bankruptcy Code. In the event the Bankruptcy Court finds that your personal guaranty of the fees of Key Farms, Inc. represents a conflict of interest or is otherwise unallowable, Bailey & Busey PLLC shall have the right to: (a) waive the terms of the personal guaranty, in which case, all remaining terms of this agreement shall remain in full force and effect; or (b) terminate its representation of Key Farms, Inc.

## SCOPE OF SERVICES

Initially the scope of our work will be to assist with filing of bankruptcy proceedings and the prosecution of those proceedings with the goal of confirming a bankruptcy plan of reorganization.

## LEGAL FEES

Our fee is based upon the time actually expended on your case. You will be billed for our services on an hourly basis. The hourly rates of the lawyers likely to assist in representation of you in this matter are as follows:

| | |
|---|---|
| Roger W. Bailey | $275.00 |
| Joshua J. Busey | $260.00 |

These hourly rates are subject to chang6e in the future based upon any increases instituted by the firm.

## ADVANCE FEE DEPOSIT

Key Farms has paid Bailey & Busey a retainer of $25,000.00 prior to the filing of the bankruptcy petition. These funds will be used to pay the fees and costs incurred by Bailey & Busey, PLLC in preparing to file the bankruptcy case. Any funds remaining will be held in Trust and will be applied only as allowed by order of the Bankruptcy Court and in accordance with applicable Bankruptcy law. The nonpayment of a bill is grounds for our withdrawal at any time. Outstanding balances that are not paid when due will accrue at the rate of 1 percent compounded monthly from the date of invoice until paid. In the event a bankruptcy proceeding is filed, no interest will be charged on outstanding balances until such fees have been approved and authorized by the Bankruptcy Court. In the event of a breach of this contract, Bailey & Busey PLLC shall be entitled to an award of costs and reasonable attorneys' fees incurred in attempting to enforce the agreement or collect amounts due hereunder.

## SUPERVISING ATTORNEY AND ASSISTANTS

As supervising attorney, I will be responsible for seeing that the work is carried out in an efficient and economical manner. I will be assisted by other attorneys, paralegals, and legal assistants in our office. They are all bound to you by the same duties of loyalty and confidentiality that bind me.

## GENERAL RATES

The usual basis for determining our fees is the time expended by attorneys, paralegals, and legal assistants of the firm. The rates for our services presently range from $60.00 per hour for legal assistants to about $275.00 per hour for senior lawyers. Our fees change from time to time without notice, usually in the fall. Whenever it is appropriate, we will use associate attorneys, law clerks, or legal assistants in our office to keep your costs as low as possible.

## OTHER FACTORS AND RATES

Although time expended and costs incurred are usually the basis for determining our fees, by mutual agreement, billings to you for legal services may, in some instances, be based on a more comprehensive evaluation of the reasonable value of the firm's services, provided the amount does not exceed the contingency amount outlined above. The firm is committed to charging reasonable fees for services. In certain situations, factors other than the amount of time required will have a significant bearing on the reasonable value of the services performed. Such factors include:

- The novelty and complexity of the questions involved;
- The skill required to provide proper legal representation;
- Familiarity with the specific areas of law involved;
- The preclusion of other engagements caused by your work;
- The magnitude of the matter;
- The results achieved;
- Customary fees for similar legal services;
- Time limitations imposed by you or by circumstances; and
- The extent to which office forms and procedures have produced a high quality product efficiently.

In circumstances where our fees will be based on or include factors other than our normal hourly charges and costs, we will notify you promptly and prior to proceeding.

## BILLING FEES AND COSTS

We will bill you on a regular basis, normally each month, for all of the time spent on your project and for other costs incurred relating to our work on your behalf. The activities for which you will be billed will include:

- Conference time, whether in person or on the telephone;
- Document preparation and revisions;
- Negotiations;
- Correspondence;
- Staff or attorney supervision;
- Factual and legal research and analysis;
- Travel on your behalf; and
- Other matters directly pertinent to and related to the litigation matter being handled by our firm.

Typical of the costs for which you will be billed:

- Filing fees;
- Delivery fees;
- Computer assisted legal research;
- Copying;
- Long distance telephone charges;
- Charges of outside experts and consultants (which may be billed directly to you); and
- Travel

## TRUST DEPOSITS

Any trust deposits from you will be held in a client trust account. By court rule in Washington, funds deposited to a trust account are subject to IOLTA (interest on lawyer's trust account) participation in a pooled trust account. The exception is when the deposit is large enough to earn interest in excess of bank and administrative costs, and you request that it be held in a separate account, in which case the interest earned will be added to the deposit for your benefit and will be taxable income to you. IOLTA funds are used to support law-related charitable and educational activities.

## TERMINATION

You may terminate our representation at any time, with or without cause, by notifying us. Upon such action, all fees and expenses incurred before the termination are due to the firm. If such termination occurs, your original papers will be returned to you promptly. If you wish to have a copy of your

file at the conclusion of our representation, we will provide it to you at the current copy rate per page then in effect at this firm. Bailey & Busey PLLC reserves the right, subject to applicable Court rules, to withdraw from representation at any time and for any reason.

## ESTIMATES

You may, from time to time, ask us for estimates of our fees and expenses either in whole or in part. We are hesitant to give estimates because of their potential inaccuracy. However, if you require it, and if we do provide you with such estimates, they will be based upon our professional judgment, but always with a clear understanding that it is not a maximum or fixed fee quotation. We cannot guarantee that the actual fees and expenses will be at or below the estimates because of factors outside the control of the firm.

## DISPUTE RESOLUTION

If you disagree with the amount of our fee, please take up the question with Roger Bailey or with the firm's managing partner. Typically, such disagreements are resolved to the satisfaction of both sides and with little inconvenience or formality. Any disputes relating to the terms of engagement or the amount of legal fees related thereto, will be resolved by the United States Bankruptcy Court for the Eastern District of Washington Subject to applicable Bankruptcy law, in the event of non-payment, such that we have to pursue collection of your account, you agree to pay the costs of collecting the debt, including court costs and fees, and a reasonable attorney's fee.

## E-MAIL COMMUNICATION

You authorize us to communicate with you by electronic mail.

## WITHDRAWAL

We reserve the right to withdraw from representing you for any reason, including, without limitation, failure to timely pay our fees in accordance with this Agreement. Written notice of our intent to withdraw will be mailed to you prior to our withdrawing from this matter.

## DISCLAIMER

You acknowledge that we have made no guarantees regarding the disposition, outcome, or results of your legal or business matters, and all expressions we have made relevant thereto, are only our opinions as lawyers based upon the information available to us at the time.

## SELECTION OF OUR FIRM

Thank you again for retaining our firm to represent you with regard to this matter. If you agree with the terms of this Agreement, please sign a copy of this letter and return it to our office

Very truly yours,

Roger W. Bailey

The client hereby accepts the above terms and conditions.

KEY FARMS, INC.

By: _____

Its: President

## PERSONAL GUARANTY

Arthur & Patricia Key, individually and on behalf of their marital community absolutely and unconditionally guarantee the payment of the fees incurred by Bailey & Busey, PLLC as provided in this retainer agreement. Arthur & Patricia Key further agree that they are bound by the terms of this agreement.

_____  Dated this 15 day of November, 2019
Arthur Key


_____  Dated this ____ day of November, 2019
Patricia Key

# EXHIBIT 2

# SUPPLEMENT TO EMPLOYMENT APPLICATION
# BAILEY & BUSEY PLLC

**9C.** Bailey & Busey PLLC served as an escrow agent in several transactions in which Homestreet Bank was the lender. Homestreet Bank is the primary secured creditor of the Debtor in this case. Bailey & Busey's representation in the escrow transactions occurred in 2016 & 2017 and involved acting as the escrow agent for two business sale transactions. Homestreet Bank was involved in these transactions as the lender to the business sale purchasers. In connection with its representation Bailey & Busey, PLLC had conversations with a number of employees of Homestreet Bank. Bailey & Busey PLLC had no direct representation of Homestreet Bank in these transactions and did not receive payment directly from Homestreet Bank (although presumably the business sale buyers paid their portion of Bailey & Busey PLLC's charges from funds borrowed from Homestreet. The business sale transactions which were the subject of Bailey & Busey's representation were completed unrelated to Key Farms, Inc. Bailey & Busey PLLC did not come into possession of any information related to Key Farms during the course of its representation.

**9H.** Bailey & Busey has represented the Debtor in analyzing its bankruptcy options and in preparing the bankruptcy proceedings to be filed. Bailey & Busey's representation commenced in September, 2019. Prior to September, 2019, Bailey & Busey had no representation of the Debtor.

**9I.** Bailey & Busey received a retainer in the amount of $25,000 from Key Farms, Inc. The retainer was received in two payments. The first payment of $10,000 occurred on or about October 21, 2019. The second payment of $15,000 was received on or about November 15, 2019. Bailey & Busey is holding the sum of $13,526.50 as of the petition date. The Debtor has executed a retainer agreement dated November 15, 2019 under which it has agreed to compensate Bailey & Busey PLLC for the fees and costs incurred by the firm in representing Key Farms, Inc. in its bankruptcy case. Pursuant to the retainer agreement Bailey & Busey's fees have been guaranteed by Arthur & Patricia Key. Mr. and Mrs. Key own 100% of the shares of Key Farms, Inc. Mr. and Mrs. Key have potential claims against the Debtor of approximately $1.4 million based upon loans made by the Keys to the Debtor over the years. Bailey & Busey has made clear in its engagement letter that, notwithstanding the guaranty, it must take its direction exclusively from Key Farms, Inc. and that Key Farms, Inc. will be a fiduciary for creditors in these proceedings.

**9J.** See answer to 9C, 9H and 9I.